NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IMPAC MORTGAGE HOLDINGS, INC.; IMPAC FUNDING CORPORATION; IMPAC SECURED ASSETS CORP.; IMH ASSETS CORP; RICHARD J. JOHNSON; JOSEPH R. TOMKINSON,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>HOUSTON CASUALTY COMPANY,<br><br>Defendant - Appellee. | No. 14-55071<br><br>D.C. No. 8:11-cv-01845-JLS-JCG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted February 4, 2016[**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,[***] Chief District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

In this diversity action, Impac Mortgage Holdings, Inc., its subsidiaries, and certain of its employees ("Impac"), alleges that two insurance companies, Houston Casualty Company ("Houston") and Certain Underwriters at Lloyd's ("Lloyd's"), wrongfully denied coverage for certain losses incurred in connection with three underlying actions. The district court granted summary judgment for Houston and against Lloyd's. Impac appeals the grant of summary judgment to Houston. We affirm.

1. Impac bought a directors' and officers' ("D&O") insurance policy from Houston covering losses "arising out of, based upon or attributable to the purchase or sale of . . . any securities of [Impac]." The three underlying actions asserted claims arising out of Impac's sale of mortgage-backed securities.

2. Impac argues that, because "of" denotes connection, the phrase "securities of" in the D&O policy includes any securities to which it has a connection. However, the phrase "securities of," like "stock of," is ordinarily understood as meaning "shares in." That is how an adjacent clause in the Houston policy uses the phrase, expressly covering claims "brought by a security holder of an Organization with respect to such security holder's interest in securities of such Organization." Impac's sole contrary examples, from 17 C.F.R. §§ 230.191(a) & 240.3b-19(a), which are SEC regulations, merely demonstrate that "securities of" can mean

"securities issued by" if the surrounding language so indicates; but here, the policy contains no such indication.

3. Impac's interpretation flies in the face of the California Supreme Court's warning not to elevate possible dictionary meanings over context in interpreting language in insurance policies. *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1214 (Cal. 2003), *as modified on denial of reh'g* (Sept. 17, 2003); *see also Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 500 (9th Cir. 1993) ("The policy, after all, is a Directors' and Officers' liability policy with an endorsement protecting the Club; it is not an expanded comprehensive liability policy insuring the Club against liability for everything it does."). The record does not support Impac's claim that it expected its D&O policy to cover professional errors; indeed, it purchased what otherwise would have been duplicative Errors and Omissions ("E&O") coverage from Lloyd's.

4. Coverage is also barred by the Houston policy's E&O Exclusion, which excludes claims "arising out of, based upon or attributable to any Insured's or Organization's performance of (or failure to perform) any professional services, or any act, error or omission relating thereto." Impac urges on appeal (contrary to its successful argument against Lloyd's below) that the underlying claims do not arise out of its performance of professional services, because the claims allege liability for approving offering documents and SEC filings, which are acts required by

3

statute. But, drafting such documents, which describe complicated financial products, plainly requires professional skill, whether or not the duty to file the documents is imposed by statute.

**AFFIRMED.**